(35 Misc. Rep. 266.)

### FINLAY v. HEYWARD.

(Supreme Court, Appellate Term. June, 1901.)

1. AUTHORITY OF ATTORNEY—COLLECTIONS.
    An attorney to whom a claim has been assigned for collection cannot accept note of the debtor or of a third party in payment thereof.

2. SAME—ACQUIESCENCE.
    Where a creditor has acquiesced for five years in acceptance by the attorney of notes of the debtor in payment of a claim, it constitutes a ratification of the attorney's unauthorized act.

Appeal from city court of New York, general term.

Action by Ellen Laracy Finlay against Mille Heyward. From a judgment of the general term (69 N. Y. Supp. 648) affirming a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BEACH and FITZGERALD, JJ.

Albert B. Kerr (Arthur J. Baldwin, of counsel), for appellant.
Robert Davidson (Isaac L. Miller, of counsel), for respondent.

PER CURIAM. In 1893 the defendant, then an unmarried woman, became indebted to the firm of which plaintiff is surviving partner. The defendant then lived in a Western city. The plaintiff's firm placed the account in the hands of their lawyer for collection, and he forwarded it to a lawyer living in the city in which the defendant resided. After some negotiations, one of the defend-

ant's brothers paid the Western lawyer a small amount of cash on account of the claim, and for the balance gave his own note, indorsed by another of the defendant's brothers, for which a receipt was given by the lawyer with whom the settlement was effected. The cash and note were transmitted to the plaintiff's New York lawyer, who at once sent both to plaintiff's firm. No effort was ever made to collect the note, and all of the questions put by defendant's counsel with a view to showing that the maker and indorser of the note were solvent when it was made, and for some time thereafter, but have since become insolvent, were excluded by the court.

It is undoubtedly true that, in the absence of specific authority, a lawyer to whom a claim is intrusted for collection has no right to accept a promissory note either of the debtor or of a third person in payment of the claim. There is no evidence of any such specific authority either to the New York or Western lawyer, and the act of the latter in accepting the note of the defendant's brothers was not binding upon the plaintiff's firm, unless they subsequently ratified his action. It is not necessary that such ratification be express, but it may be inferred from long-continued acquiescence. In the present case the plaintiff has retained the note for some five years, without either repudiating the unauthorized act of her agent, or making any attempt to collect the note. It may be, as defendant attempted to prove, that the makers of the note were solvent for some time after it was made, and that if plaintiff had within a reasonable time either returned the note, or refused to accept it in payment, or attempted to collect it, the defendant might have taken steps to protect herself. If the note was given in payment of the claim, the plaintiff, by her long acquiescence in its acceptance by her agent, must be deemed to have ratified his acceptance of payment by the note of a third person. Even if the note was accepted merely as collateral security for the debt, the plaintiff has been guilty of laches in taking no steps towards collecting it. In the one case, the debt has been paid; in the other, the defendant should be permitted to show that she has suffered damage by reason of plaintiff's laches. In either case the judgment must be reversed, and a new trial granted, with costs to abide the event.

Judgment reversed, and new trial ordered, with costs to abide event.